# Washington Street.

*Appeals—Interlocutory order—Act of May 24, 1878, P. L. 129—Road law.*
An order of the court of common pleas in a proceeding under the Act of May 24, 1878, P. L. 129, giving the right to either of the parties to apply to the court for the appointment of road viewers if the parties themselves fail to agree upon the viewers, is an interlocutory order, from which no appeal lies.

Argued April 16, 1906. Appeal, No. 116, April T., 1906, by Waynesburg Borough, from order of C. P. Greene Co., Feb. T., 1905, No. 8, on application for the appointment of viewers In re Washington Street. Before RICE, P. J., PORTER, MORRISON, HENDERSON and HEAD, JJ. Appeal quashed.

Application for appointment of viewers.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*James J. Purman,* with him *Frank W. Downey,* for appellant.

*William J. Kyle* with him *Charles H. King,* for appellee.

PER CURIAM, April 23, 1906:
To the petition filed by Ella B. Gordon for the appointment of five viewers, in conformity with the Act of May 24, 1878, P. L. 129, to assess her damages caused by the change of grade or grades therein described, the borough filed an answer, and upon consideration of the petition and answer the court made the following order: "And now, December 28, 1905, it is ordered and directed that if the petitioner and borough authorities cannot agree upon the names of viewers to act in this case, that either of them shall have the right to apply to the court within ten days from this date for the appointment of such viewers as the court may select in the premises." Thereupon the borough took this appeal. When the proceedings thus instituted reach final judgment, an appeal will lie in which the legality and regularity of the proceeding from the beginning

may be reviewed, but the statute does not contemplate a separate appeal from each interlocutory order, as this undoubtedly is. Therefore the motion to quash must be allowed.

Appeal quashed at the costs of the appellant and the record remitted with a procedendo.